UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANTHONY TAYLOR,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO,<br><br>Respondent. | No. 2:24-cv-02271-DC-CKD (HC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION<br><br>(Doc. No. 5) |

Petitioner Robert Anthony Taylor, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 18, 2024, the assigned magistrate judge issued findings and recommendations recommending Petitioner's federal habeas petition be dismissed because it was duplicative of another habeas petition Petitioner filed in this district: *Taylor v. District of Attorney*, No. 2:24-cv-01400-DJC-SCR, Doc. No. 7, (E.D. Cal. Sep. 18, 2024) ("*Taylor I*"). In *Taylor I*, the court dismissed the action due to Petitioner's failure to exhaust state remedies. (*See Taylor I*, Doc. No. 11.) The findings and recommendations were served on Petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (Doc. No. 5 at 2.) On November 12, 2024, Petitioner filed objections to the pending findings and recommendations, which the court read and considered. (Doc. No. 6.)

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
2  *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's
3  response, the court concludes that the pending findings and recommendations are supported by
4  the record and proper analysis. However, because the petition in *Taylor I* has already been
5  dismissed and that case has been closed, the court declines to summarily dismiss Petitioner's
6  petition in this action on the ground that it is duplicative of the petition in *Taylor I*. Rather, the
7  court will dismiss the petition without prejudice because, here too, Petitioner has failed to exhaust
8  state remedies.

9    The exhaustion of state remedies is a prerequisite to the granting of a petition for writ of
10 habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by
11 providing the highest state court with a full and fair opportunity to consider each habeas claim
12 before presenting that claim to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971);
13 *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

14   In his petition, Petitioner notes he has appealed his conviction to the highest state court,
15 but he also states his case is pending before the California Court of Appeals. (Doc. No. 1 at 2–3.)
16 A review of the docket in Petitioner's ongoing appeal in state court reflects he has not exhausted
17 state remedies. *See People v. Taylor*, No. C100500 (Cal. Ct. App. 3d).[1] Accordingly, the court
18 will dismiss Petitioner's federal habeas petition due to his failure to first exhaust state remedies
19 and will close this case. However, the petition will be dismissed without prejudice to Petitioner
20 filing a habeas petition to initiate a new federal habeas case after he has exhausted state
21 remedies.[2]

---

[1] The court takes judicial notice of Petitioner's state court appeal. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (holding a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citation omitted)).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. See 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on October 18, 2024 (Doc. No. 5) are ADOPTED in part, as explained herein;
2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed without prejudice due to Petitioner's failure to exhaust state remedies;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **March 30, 2025**

Dena Coggins
United States District Judge

3